THE IRTHINGTON.[1]

WRIGHT and others *v.* THE IRTHINGTON, etc.

(*District Court, S. D. New York.* March 30, 1886.)

SHIPPING—ADVANCES—ATTEMPT TO COLLECT THROUGH CHARTERERS—ESTOPPEL.
  W. & Co., agents of the charterers, made advances for the benefit of the steamer I. and owners, which the owners were bound to pay, and afterwards endeavored to have them collected by their principals, the charterers of the vessel; which arrangement the latter at first agreed to, and accepted a draft which included the advances, but soon afterwards repudiated the arrangement. The owners adopted libelant's claim into their accounts as a credit to the charterers; but it did not appear that the latter ratified such act of the owners, or that any payment was made by the owners to the charterers on the faith of it which was not owed the charterers irrespective of libelants' claim; and the libelants' claim was never paid by the owners. *Held* that, as the situation of the owners had not been in any way changed to their prejudice through the libelant's original request to the charterers to collect the claim, there was nothing amounting to a legal estoppel against the libelants, and, their claim being a valid one, they were entitled to recover against the vessel.

In Admiralty.
*Wilcox, Adams & Macklin*, for libelants.
*E. B. Convers*, for claimants.

BROWN, J. The advances made by Wright & Co. were such as did not belong to their principals, the charterers, to pay, but were for the benefit of the ship and her owners. The evidence on the part of the claimants, fairly considered, does not show more than that Wright & Co. endeavored to have their principals, the charterers, collect the advances from the owners for the libelants' account. The libelants' evidence shows clearly that the advances were not made a charge against Schultz as debtor, but only placed in his account for the pur-

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

pose of collection by him. The charge was against the ship and owners; and in the account rendered to their principal the nature of it was indicated; and though Schultz at first assented to their request to collect it for them, and accepted the draft which embraced these items along with others, he almost immediately afterwards notified the libelants that he could not undertake to collect it, and that they must themselves collect from the owners. After some controversy about the matter, the libelants credited Schultz with the amount that they had previously entered in his accounts.

As the facts would not warrant the court in holding that the advances were originally made on the credit of the charterers, the debt was a legal demand against the ship and her owners. The libelants are therefore entitled to recover, unless this legal demand has been in some way legally discharged. The efforts to collect it through Schultz seem to me to be satisfactorily explained, as above stated. Had Schultz actually collected the money from the owners, or had he made any binding settlement of his accounts with them in which this item had formed a part, so that the owners would be legally prejudiced by treating the claim as a subsisting demand against them, I should have held that to constitute an estoppel in the owners' favor against the libelants, although the latter might afterwards have failed to recover their money from Schultz, because this injury to the owners would have arisen through the creditors' own acts, and have made it unjust to disturb the settled accounts. *Robinson* v. *Read*, 9 Barn. & C. 449; *Thomson* v. *Davenport*, Id. 78; *Davison* v. *Donaldson*, 9 Q. B. Div. 623; *Keay* v. *Fenwick*, 1 C. P. Div. 745, 753, 756.

The evidence, however, shows the existence of a controversy at this time between Schultz and the owners. The owners adopted the libelants' claim into their accounts as a credit to Schultz; but it does not appear that Schultz ever adopted this act of the owners, or ratified it, or that any settlement between them was ever made upon that basis, or that any payment of money was made by the owners to Schultz that they did not owe him irrespective of the libelants' claim which the owners had put into their account. Schultz claimed, and still claims, so far as appears, a balance against them. The owners cannot make use against Schultz of the libelants' demand against them without payment of that demand. It has never been paid by them either to Schultz or to the libelant, and the situation of the owners has not been in any way changed to their prejudice through the libelants' original request to Schultz to collect the claim. In the case of *Berwind* v. *Schultz*, 25 Fed. Rep. 912, on the contrary, it was clear that the principal was prejudiced by the advance of money based upon the written receipt given by the creditor. The libelants' demand being, therefore, a valid demand against the ship, and never paid to the libelants, and there being nothing amounting to a legal estoppel against them, I must find that they are entitled to the sum claimed, with interest and costs.